CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2010

JOHN F. CORCORAN, CLERK
BY: _____
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| ELVA ROSEMARY NIXON, | ) | Civil Action No. 7:10-cv-00172 |
|     Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | **By: Samuel G. Wilson** |
| WENDY HOBBS, | ) | **United States District Judge** |
|     Respondent. | ) | |

Petitioner Elva Rosemary Nixon, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 2006 convictions and sentence in the Carroll County Circuit Court. Nixon alleges that she was convicted upon insufficient evidence, that the trial and appellate courts committed several errors, and that counsel provided ineffective assistance. The court finds that Nixon's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses her petition.

**I.**

On June 21, 2006, the Carroll County Circuit Court entered judgment against Nixon, convicting her of robbery, murder, and two counts of use of a firearm during the commission of a felony. Nixon appealed and the Court of Appeals of Virginia denied her appeal on March 25, 2008. Nixon filed a petition for appeal to the Supreme Court of Virginia, which the court refused on September 24, 2008. Nixon did not file a petition for writ of certiorari to the Supreme Court of the United States. However, Nixon then filed a state habeas corpus petition in the Carroll County Circuit Court on February 24, 2009, which was dismissed April 29, 2009.[1] Nixon did not appeal the denial of her habeas petition to the Supreme Court of Virginia. Nixon filed her federal habeas

---

[1] In response to the court's April 28, 2010 conditional filing order, Nixon stated that the circuit court dismissed her habeas petition on April 29, 2010; however, in her initial petition, Nixon stated that the petition was dismissed on April, 29, 2009. Further, Nixon provided a copy of the order dismissing her habeas petition, which is dated April 29, 2009. Still further, state court online records also reflect that the circuit court dismissed her habeas petition on April 29, 2009.

petition in this court on April 22, 2010. The court conditionally filed her petition, advised her that the petition appeared to be untimely, and gave her an opportunity to respond to the court regarding the timeliness of her petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] In this case, the statute of limitations began to run on December 23, 2008, when Nixon's conviction became final. However, the time during which a properly filed state habeas petition is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations clock stopped running on February 24, 2009, after approximately 62 days, when Nixon filed her state habeas petition in the Carroll County Circuit Court. The clock then began to run again when the circuit court dismissed Nixon's habeas petition on April 29, 2009. Nixon did not appeal the circuit court's dismissal to the Supreme Court of Virginia. However, she filed this federal habeas petition on April 22, 2010, approximately 358 days after the Carroll County Circuit Court dismissed her

---

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Nixon has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Nixon's conviction became final on December 23, 2008, 90 days after the Supreme Court of Virginia refused her appeal and when her time to file a petition for writ of certiorari to the Supreme Court of the United States expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

petition. Therefore, the time clock on Nixon's statute of limitations ran for a total of approximately 420 days before she filed her federal habeas petition. Accordingly, Nixon's petition is time-barred unless she demonstrates grounds for equitable tolling.[3] Despite being given the opportunity to amend her petition, Nixon makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Nixon has not demonstrated any grounds for equitable tolling and thus, her petition is untimely filed.

### III.

For the reasons stated, the court dismisses Nixon's petition as untimely.

**ENTER**: This _17th_ day of May, 2010.

United States District Judge

---

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).